U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

OCT 16 2008

LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No.<br>08-CR- 621 |
| JC SEIFTS & CO., INC., | PLEA AGREEMENT |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANDREW T. BAXTER, Acting United States Attorney for the Northern District of New York (by AUSA Edward R. Broton, appearing) and JC Seifts & Co., Inc. (with Tim Bradl, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant:

1. **Defendant's Promises.** In return for the consideration described below, JC Seifts & Co., Inc. agrees as follows:

    a. The Defendant will waive indictment and enter a plea of guilty to a one-count Information charging it with mail fraud, in violation of 18 U.S.C. § 1341.

   b. The Defendant consents to the entry of an order directing it to pay restitution in the following amounts to the following victims, whether or not the losses suffered by those victims resulted from the offense of conviction:

| | |
|---|---|
| MVP Health Plan | $37,179.30 (Representing Commissions Paid) |
| Members of "PEMC group" | $96,203.00 (Representing amounts collected in violation of New York Insurance Law § 2119) |

  2. **Potential Penalties.** JC Seifts & Co., Inc. understands that its guilty plea to the Information will subject it to the following potential penalties:

   a. <u>Probation</u>: The Court may impose a period of probation of at least one year, but not more than five years. (U.S.S.G. § 8D1.2).

   b. <u>Maximum Fine</u>: $500,000. In its discretion, the Court may impose an alternative fine of the greater of $500,000 or twice the pecuniary gain to the Defendant or loss to any victim resulting from the offense of conviction. (18 U.S.C. § 3571(c) & (d))

   c. <u>Mandatory Restitution</u>: Pursuant to the Mandatory Victim Restitution Act, the sentencing Court must order that the Defendant pay restitution to any victim as more fully set forth in paragraph 1 above. (18 U.S.C. § 3663A)

   d. <u>Special Assessment</u>: The Defendant will be required to pay an assessment of $400.00, which is due and payable at the time of sentencing. (18 U.S.C. § 3013) The Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $400.00, payable to the U.S. District Court at the time of its sentencing.

e. **Interest and Penalties**: Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendant's sentence, from as early as the date of sentencing.

3. **Elements of the Offense.** JC Seifts & Co., Inc. understands the following legal elements of the offense stated in the Information, and admits that those elements accurately describe its criminal conduct:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the Information;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of that scheme, the defendant used or caused the use of the mails as specified in the Information.

4. **Factual Basis for the Plea.** JC Seifts & Co., Inc. admits the following facts, which establish its guilt with respect to the offense stated in the Information:

From on or about March 1, 2001, through and including October 2003, in Ulster County, in the State and Northern District of New York, and elsewhere, the defendant did knowingly and willfully devise a scheme and artifice (i) to defraud health policy subscribers to whom it sold health insurance and Mohawk Valley Physician's Health Care ("MVP Health Care") and (ii) to obtain money by means of false and fraudulent pretenses, representations, and promises, well knowing that such pretenses, representations, promises and omissions were materially false and fraudulent.

The defendant sold health insurance policies to individuals who were never told that they would be presented to potential health insurers as part of a group eligible for group coverage and rates. In particular, the defendant created a fictitious group known as Professional Employer Management Corporation ("PEMC") for the sole purpose of presenting potential subscribers to Mohawk Valley Physician's Health Care ("MVP Health Care") as part of a group, to take advantage of preferential rates for group policies. The defendant caused health benefit application forms to be completed which falsely indicated each applicant was an employee of PEMC. The defendant then submitted these applications to MVP.

The defendant represented to MVP that approximately 240 subscribers were members in the fictitious PEMC group. MVP Health Care charged defendant between $229 to $266 for individual plans and between $589 to $682 for family plans during the time period alleged herein. At all relevant times, defendant charged his insureds over that which MVP charged the defendant. Defendant charged subscribers between $249 and $299 per month for individual plans, and $649 to $715 a month for family plans during the time period alleged herein. As a result, defendant overcharged the subscribers it placed in the fictitious group by approximately $76,747.94 between January 2002 and December 2002. MVP paid a brokerage fee of $37,139.90 to defendant for presenting the fictitious PEMC group for insurance. This was in violation of New York Insurance Law 2119 which prohibits excess charges over and above the premium charged by the insurer.

5. **Collection of Financial Obligations.** In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees fully to disclose all assets in which it has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a nominee or other third party.

      a.      The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The Defendant promises that its financial statement and disclosures will be complete, accurate and truthful.

      b.      The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on it in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

      6.      **<u>Government's Promises and Reservation of Rights.</u>** In exchange for the plea of guilty to the Information by JC Seifts & Co., Inc. and its continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

      a.      It will bring no further federal criminal charges against the Defendant relating to the conduct in the Northern District of New York, committed before the date of this Agreement, which is described in the Information and the Defendant's admissions in paragraph 5, above for so long as the guilty plea and sentence on the Information remain in effect.

      b.      If the guilty plea to the Information is later withdrawn or vacated, the charges not prosecuted pursuant to subparagraph 9a this Agreement may be filed and prosecuted, notwithstanding the expiration of the statute of limitations.

      c.      It reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court.

      d.      The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the mail fraud charged in the Information.

7.   **<u>Waiver of Statute of Limitations.</u>** The defendant waives any defense or objection to the filing and prosecution of the charge in the Information. The defendant further waives any statute of limitations defense or objection regarding restitution. The defendant agrees the Court may order it to pay restitution for conduct dating from March 1, 2001.

8.   **<u>Limitations on Agreement.</u>** This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability.

9.   **<u>Agreement Not Binding on the Court.</u>** The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office.

   a.   If the Court rejects the provisions of this Agreement permitting the Defendant to plead guilty to the Information in satisfaction of other charges, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(A), the Court will afford the Defendant an opportunity to withdraw its plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

   b.   The Court is not bound by any recommendation or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw its plea of guilty if the Court declines to follow any such recommendation or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any

post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with this Office's recommendations or requests.

10. **Waiver of Appeal and Collateral Attack.** The Defendant acknowledges that, after consultation with defense counsel, it fully understands the extent of its rights to appeal, and/or to collaterally attack the conviction and sentence in this case. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack its conviction and any sentence of imposing a fine of $500,000 or less, and/or a term of probation of five years or less. The Defendant agrees that, should the sentence imposed exceed the terms outlined above, this would not permit it to withdraw its guilty plea or to appeal or collaterally attack its conviction, but would merely allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

11. **Memorialization of Agreement.** No promises, agreements or conditions other than those set forth in this Agreement will be effective unless memorialized in writing and signed by all parties or confirmed on the record before the Court. This Agreement, to become effective, must be signed by all of the parties listed below.

ANDREW T. BAXTER
Acting United States Attorney
Northern District of New York

Dated: October 16, 2008      By: _____
                                  Edward R. Broton
                                  Assistant U.S. Attorney
                                  Bar Roll No. 101230

Dated: 10-16 , 2008          _____ officer

7

                                                    JC Seifts & Co., Inc.
                                                    Defendant

Dated: _____10/16_____, 2008                _____[signature]_____
                                                    Tim Bradl, Esq.
                                                    Attorney for Defendant
                                                    Bar Roll No.